**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LIOR SEGAL, on behalf of himself and
others similarly situated,

      Plaintiff,

v.                                                 CASE NO: 8:05-cv-2390-T-26MSS

PEMEX (Petroleos Mexicanos), STATOIL,
UNITED MEXICAN STATES, KINGDOM
OF NORWAY, REPUBLIC OF ANGOLA, and
SONANGOL,

      Defendants.

_____/

# **O R D E R**

      Plaintiff has filed notices of voluntary dismissal without prejudice pursuant to Rule

41(a)(1), Federal Rules of Civil Procedure, with regard to Defendants Pemex (Petroleos

Mexicanos), United Mexican States, Republic of Angola, and Sonangol.[1]  The Court notes that

although each of those Defendants have filed motions to dismiss, none of them have filed an

answer or motion for summary judgment.  Consequently, under the plain language of the rule,

Plaintiff is entitled to voluntarily dismiss the case as to these Defendants without prejudice,

---

    [1]  See dockets 102, 103, 104, and 105.

notwithstanding the pendency of motions to dismiss.[2]  See Carter v. United States, 547 F.2d 258, 259 (5th Cir. 1977).[3]

Accordingly, it is ordered and adjudged as follows:

1) This case is dismissed without prejudice with regard to Defendants Pemex (Petroleos Mexicanos), United Mexican States, Republic of Angola, and Sonangol.

2) The motions to dismiss filed by the dismissed Defendants (Dkts. 89, 90, and 91) are denied as moot.

3) Plaintiff's counsel is reminded that responses to the motions to dismiss filed by Defendants Statoil and Kingdom of Norway are due to be filed no later than November 14, 2008, and that pursuant to this Court's order of October 24, 2008, found at docket 101, no further extension of time to file responses will be granted.

**DONE AND ORDERED** at Tampa, Florida, on November 12, 2008.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

---

[2]  Although this is a class action lawsuit, Rule 23(e), Federal Rules of Civil Procedure, does not apply inasmuch as the Court has yet to certify a class.

[3]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 31, 1981.